### THE ST. LOUIS.

(District Court, S. D. New York. April 20, 1905.)

SEAMEN—WAGES—LOST TIME.

Where a seaman laid off from work for five days in port on account of illness, although the surgeon refused to give him a certificate, and he made no complaint on that ground to the captain, and was logged and fined, and a copy of the log entry was given him, he cannot recover wages for the time without proof that he was in fact too ill to work.

[Ed. Note.—For cases in point, see vol. 43, Cent. Dig. Seamen, § 90.]

In Admiralty. Suit for seaman's wages.

Libelant, an American citizen, signed shipping articles on the St. Louis for round voyage, beginning 25th February, 1905, and ending March 20, 1905. He well and faithfully performed all his duties while able to do so, and obeyed all lawful commands of the master and officers of said ship. Sues for wages and one day's pay for each and every day payment has been delayed.

The answer admits everything, except alleging that libelant, while said ship was lying in the port of Southampton, England, without leave or au-

thority from his superior officers, absented himself from his duty on said ship, and remained absent therefrom on March 6, 7, 8, 9, and 10, and for such absence from duty without leave he was properly logged and fined two days' pay for each day's absence.

The libelant testified he had a very sore back and could not work on the days in question; that he went to the doctor on the 5th and 6th of March, and the doctor refused to give him a ticket allowing him to lay off, but nevertheless, thinking he was too sick, he laid off of his own accord; that, while he received a slip showing that he was logged, yet the log was never read over to him. He had witnesses who testified that they thought he was sick.

The claimant proved by the surgeon of the ship that, in his opinion, the libelant was not too sick to do light work, and that for this reason he refused to give libelant a ticket permitting him to lay off; also that the libelant did not go to the captain and object to the fact that the doctor would not permit him to lay off.

Franklin Grier, for libelant.

Robinson, Biddle & Ward and Henry G. Ward, for claimant.

HOLT, District Judge (orally). It is clear that a sailor or any other man that is employed to do work is entitled to be paid for his services, but he is obliged to comply with his contract and render the service. If he is ill, that excuses him, of course, but he must prove he is ill in order to be excused. In this case it is admitted that the libelant laid off while the vessel was at Southampton for five days. The officer told him he must get his certificate from the doctor, and he tried to get the certificate from the doctor, and the doctor would not give it. The doctor says he complained of no other symptoms, except the pain in his back; that he had no fever, his pulse was normal, his temperature was normal, and he was able to put this bandage around himself, and showed, by all those things with which a physician is familiar, that his illness was nothing more than a strain in the back, and he could do reasonably light work, in the judgment of the doctor. I can't assume in such a case —certainly without any proof—that the doctor or the officers of this vessel were in any way prejudiced against this man, any more than the other men. It is their duty to see that the men perform their part of the agreement, and to put it down in the log at the time if they do not. They did that. The statute says they must do it, and I think the statute says something about reading the entry to the men who are fined. They did not do that expressly, but they gave the man an extract from the log. That is a more perfect method of informing him of the matter which has been entered in the log than if they read it, for it remains permanently in his hands. When this doctor refuses to give him this certificate, he does not apply to the captain; he does not go to the doctor again, and in fact lays off at his own risk. He is bound under those circumstances to show that he was so ill he could not render the service, and, in my opinion, he has not shown it, and he ought not to recover.

The libel should be dismissed.